UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEVLIN L. TATE,<br><br>                    Plaintiff,<br><br>       v.<br><br>M. MASON, *et al.*,<br><br>                    Defendants. | Case No.  2:25-cv-1874-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against M. Manson, M. Hayne, and M. James, all correctional officers at Mule Creek State Prison, alleging that defendants violated plaintiff's constitutional rights.[1]  The complaint sufficiently alleges, for screening purposes, a valid excessive force claim, but the other claims fail.  Plaintiff may, if plaintiff chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the excessive force claim.  Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

---

[1] Plaintiff states that they are a "documented transgender" individual, and in the complaint refers to themself with both male and female pronouns, *see* ECF No. 1 at 2; 17.  Plaintiff may wish to identify their preferred pronoun in their next filing.  For this order, the court will abstain from using personal pronouns for plaintiff.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on January 19, 2025, defendants Hanson and Hayne asked plaintiff for plaintiff's assigned cell number. ECF No. at 3. After plaintiff provided the number, Hanson and Hayne lectured plaintiff about being out of bounds and Hanson ordered plaintiff to cuff up. *Id.* Plaintiff inquired why plaintiff needed to cuff up, and despite a lack of resistance from

1 | plaintiff, Hanson and Hayne grabbed plaintiff's arm and forced plaintiff to the ground. *Id.* at 3-4.
2 | While plaintiff was lying face down and attempting to comply with the order to be handcuffed,
3 | Hanson and Hayne kicked and punched plaintiff repeatedly, causing plaintiff injury. *Id.* at 4.

4 | Following the incident, plaintiff was rehoused in the restricted housing unit ("RHU") and
5 | charged with battery on a peace officer. *Id.* at 5-6. Plaintiff was also served with a Rules
6 | Violation Report ("RVR") and was referred for felony prosecution. *Id.* at 9.

7 | Defendant James was the officer responsible for collecting plaintiff's personal items from
8 | plaintiff's previous cell and transferring the property to plaintiff's new cell in the RHU. *Id.* at 6.
9 | Plaintiff alleges that James failed to retrieve all of plaintiff's personal belongings. *Id.* at 6-7.
10 | Plaintiff alleges that correctional officer Anderson asked two other inmates to retrieve the
11 | remainder of plaintiff's belongings. *Id.* at 7-8. Anderson then took two bags of plaintiff's
12 | belongings (retrieved by the other two inmates) and placed it in the storage room of the A5
13 | housing unit. *Id.* at 8.

14 | Plaintiff has sufficiently alleged, for purposes of screening, an excessive force claim
15 | against Hanson and Hayne. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (outlining the three
16 | showings a plaintiff must make to adequately allege an Eighth Amendment excessive force claim:
17 | (1) defendants used force; (2) the force was excessive and applied maliciously to cause plaintiff
18 | harm; and (3) the plaintiff suffered harm).

19 | His other claims, however, are unsuccessful. Plaintiff alleges that Hanson and Hayne
20 | provided false statements in their RVRs and committed perjury by lying about the incident.
21 | Courts have found that the issuance of a false RVR does not, in and of itself, violate due process.
22 | *See Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 F. App'x
23 | 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a
24 | published opinion, district courts throughout California . . . have determined that a prisoner's
25 | allegation that prison officials issued a false disciplinary charge against him fails to state a
26 | cognizable claim for relief under § 1983."); *Holguin v. Wicks*, No. 1:16-cv-3460-DAD-BAM
27 | (PC), 2017 WL 2619118, at *3, (E.D. Cal. Jun. 16, 2017) ("Even the falsification of a disciplinary
28 | report does not state a stand-alone constitutional claim."); *Dawson v. Beard*, No. 1:15-cv-01867-

DLB, 2016 WL 1137029, at *5 (E.D. Cal. Mar. 23, 2016) ("The issuance of a false RVR does not, in and of itself, support a claim under section 1983.").

Plaintiff's claim that James failed to collect all of plaintiff's property is similarly non-viable. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy, *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), and plaintiff does not allege to have utilized it.

As such, plaintiff may either notify the court that plaintiff wishes to proceed on the cognizable excessive force claims against Hanson and Hayne, in which case I will direct service, or plaintiff may elect to amend the complaint. If plaintiff amends the complaint, I will delay serving any defendant and will screen the amended complaint in due course. Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must indicate plaintiff's intent to proceed only with his excessive force claims against Hanson and Hayne, or file another amended complaint. If plaintiff selects the latter, no defendants will be served until the new complaint is screened.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   August 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4